**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 08-35623 |
| | ) | |
| Brian Leroy Luke and | ) | Chapter 7 |
| Amanda Joy Luke, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION SUSTAINING OBJECTION TO EXEMPTION

This case is before the court on the Chapter 7 Trustee's Objection to Amended Exemptions in Tax Refunds ("Objection") [Doc. #21] and his memorandum in support [Doc. #27]. The court held a hearing on the Objection at which the Trustee and Debtors' Attorney both appeared in person. For the reasons that follow, the Trustee's Objection will be sustained.

### FACTUAL BACKGROUND

The relevant facts are not in dispute. Debtors are married and have five minor children. They filed their Chapter 7 petition on October 20, 2008. Debtors' amended Schedule B shows personal property that includes their interests in a state income tax refund in the amount of $236 and a federal income tax refund in the total amount of $5,375.00. The interests in refunds are specifically characterized by Debtors as follows:

| | |
|---|---|
| 2008 Federal tax refund - child tax credit portion | $3,821.00 |
| 2008 state tax refund ($294 x % due estate 0.8054795)=$236 | $ 236.00 |
| Federal income tax refund, additional child tax credit portion | $1,179.00 |
| 2008 federal income tax refund - remaining portion | $ 375.00 |

[Doc. # 18]. On their amended Schedule C, Debtors claim as exempt the child tax credit of $3,821.00 and the additional child tax credit of $1,179.00 under Ohio Revised Code § 2329.66(A)(9)(g). Debtors claim what they characterize as the remaining portion of the federal tax refund in the amount of $375 as exempt under the Ohio "wildcard" exemption, Ohio Revised Code § 2329.66(A)(18), and the state income tax refund as exempt under § 2329.66(A)(3).

Debtors' 2008 federal tax return shows a total tax liability of zero after deducting on line 52 of Form 1040 a non-refundable child tax credit of $3,821.00. Debtors nevertheless were entitled to a tax refund in the amount of $5,375.00, which amount is the sum of federal income tax withheld on Forms W-2 and 1099 in the amount of $4,196.00 and the additional child tax credit in the amount of $1,179.00.

The Trustee agrees that Debtors are entitled to exempt the additional child tax credit portion of their federal income tax refund but objects to them claiming an exemption in the refund for the non-refundable child tax credit. Debtors' position is that because the Ohio exemption statute does not distinguish between the non-refundable child tax credit and the additional child tax credit, they are entitled to exempt their interest in both.

## LAW AND ANALYSIS

As authorized by 11 U.S.C. § 522(b)(2), the Ohio legislature opted out of the federal exemptions provided in § 522(d). *See* Ohio Rev. Code § 2329.662. As a result, debtors for whom the applicable exemption law under § 522(b)(3)(A) is Ohio law must claim exemptions under the relevant Ohio statutes and under applicable non-bankruptcy federal law. Ohio exemption law applies to Debtors as they have been domiciled in this state for more than the 730 days preceding the date of the filing of their petition. *See* 11 U.S.C. § 522(b)(3)(A); Doc. # 1, p. 31, SOFA question 15. Effective September 30, 2008, the Ohio exemption statute was amended and a provision was added that allows debtors to exempt their interest in "[p]ayments under section 24 or 32 of the 'Internal Revenue Code of 1986' . . . ." Ohio Revised Code § 2329.66(A)(9)(g).

Section 32 of the Internal Revenue Code deals with the earned income tax credit while section 24 deals with the federal child tax credit. *See* 26 U.S.C. §§ 24 and 32. At issue in this case is the child tax credit that allows parents with an adjusted gross income below a threshold amount to claim a tax credit of $1,000 for each qualifying child under the age of 17.[1] 26 U.S.C. § 24(a). The credit has both non-refundable and refundable components. The non-refundable portion of the credit is limited by the amount

---

[1] The credit is reduced to zero on a graduating scale for families whose income is above the threshold amount. *See* 26 U.S.C. § 24(b).

2

of tax otherwise owed by the taxpayer and serves only to reduce that tax in determining the taxpayer's total tax liability. *Id.* § 24(b)(3). The refundable portion, referred to as the additional child tax credit, is allowed in an amount that is the lesser of the remaining child tax credit available to the taxpayer or 15% of the amount by which the taxpayer's earned income exceeds a certain sum.[2] *Id.* § 24(d). This refundable portion, while not defined as a tax overpayment by the Internal Revenue Code, *see Law v. Stover (In re Law)*, 336 B.R. 780, 783 (B.A.P. 8th Cir. 2006), is nevertheless treated as a tax overpayment in that taxpayers receive the refundable amount as a tax refund.

In this case, Debtors filed their bankruptcy petition on October 20, 2008. The court subsequently granted the Trustee's motion for turnover and ordered Debtors to turnover all non-exempt portions of their income tax refunds. As discussed above, Debtors claim as exempt their entire $5,375.00 federal income tax refund,[3] including exemptions under Ohio Revised Code § 2329.66(A)(9)(g) in the amounts of $3,821.00 for the non-refundable portion of the child tax credit and $1,179 for the refundable portion of the credit. The Trustee's Objection requires the court to interpret the new Ohio exemption statute and determine whether § 2329.66(A)(9)(g) provides an exemption for the non-refundable portion of the federal child tax credit. The Trustee has the burden of proving by a preponderance of the evidence that an exemption should be disallowed. *See* Fed. R. Bankr. P. 4003(c); *In re McCashen*, 339 B.R. 907, 909 (Bankr. N.D. Ohio 2006).

The Ohio courts have not addressed this new (to Ohio) exemption yet. In the absence of state law interpreting this exemption, this court must attempt to predict how the Ohio Supreme Court would rule if confronted by the same issue. *Baumgart v. Alam (In re Alam)*, 359 B.R. 142, 147 (B.A.P. 6th Cir. 2006). In doing so, the court may rely upon, among other sources, "persuasive opinions from other jurisdictions. *Id.* (quoting *Welsh v. U.S.*, 844 F.2d 1239, 1245 (6th Cir. 1988)).

The Ohio Supreme Court has previously adopted the general rule that exemption statutes are to be construed liberally in favor of the debtor. *See, e.g.*, *Daugherty v. Cent. Trust Co. of Northeastern Ohio, N.A.*, 28 Ohio St. 3d 441, 504 N.E.2d 1100, 1103 (1986). It is also clear, however, that the Ohio Supreme Court strongly expects that when interpreting an Ohio statute a court's "inquiry begins with the statutory text, and ends there as well if the text is unambiguous." *State ex rel. Plain Dealer Publishing Co. v. Cleveland*, 106 Ohio St. 3d 70, 76-77 (2005). Thus, the court believes that the Ohio Supreme Court would find in

---

[2] For the year 2008, Congress reduced the amount of income a taxpayer must earn in order to be eligible for the additional child tax credit to $8,500. Emergency Economic Stabilization Act of 2008, Sec. 501, Pub. L. 110-343, 122 Stat. 3765, 3876.

[3] Although Debtors scheduled the entire $5,375 as property of the bankruptcy estate, because they filed their petition on October 20, 2008, the portion of the refund belonging to the estate is only $4,329.45 ($5,375 x .8054795).

3

interpreting the instant exemption statute, like any other statute, that the plain meaning of the statutory text, if there be such, will not give way to more general equitable and other considerations in favor of debtors. *See In re Malsch*, 400 B.R. 584, 593 (Bankr. N.D. Ohio 2008). In other words, the acknowledged general "liberalization" of the Ohio exemption statutes through the Ohio Legislature's 2008 amendments is reflected in the terms and dollar amounts it chose to accomplish its legislative goals.

Section 2329.66(A)(9)(g) provides an exemption for a person's interest in "[*p*]*ayments* under section 24... of the Internal Revenue Code of 1986." (emphasis added). The Trustee argues that under the plain terms of the statute the only "payment" under § 24 in which Debtors have any interest is the refundable portion of the child tax credit. The court agrees.

While the court is aware of no cases that have addressed the precise issue presented in this case, bankruptcy courts have addressed the child tax credit in other contexts. This is for the most part case law that was extant when the Ohio statute was amended. Some courts have considered whether and to what extent the child tax credit constitutes property of the bankruptcy estate and have concluded that the *refundable* portion of the credit is property of the estate. *See In re Matthews*, 380 B.R. 602, 606-08 (Bankr. M.D. Fla. 2007); *In re Minton*, 348 B.R. 467, 475 (Bankr. S.D. Ohio 2006); *In re Law*, 336 B.R. 144, 146 (Bankr. W.D. Mo. 2005), *aff'd* 336 B.R. 780 (B.A.P. 8th Cir. 2006). *But see In re Schwartz*, 314 B.R. 433 (Bankr. D. Neb. 2004) (finding that the child tax credit is after-acquired property and, therefore, is not property of the estate). These courts distinguish between the nature of the non-refundable portion of the child tax credit and the refundable portion, finding that a debtor's contingent interest in the future payment of the refundable portion of the child tax credit is property of the estate. *See In re Mathews*, 380 B.R. at 608; *In re Minton*, 348 B.R. at 474-75; *In re Law*, 336 B.R. at 146. By contrast, the non-refundable portion "is simply a reduction against the amount of tax liability." *In re Matthews*, 380 B.R. at 605.

Similarly, courts have found the distinction between the refundable and non-refundable portions of the child tax credit crucial in determining whether the credit is exempt under state law as a form of public assistance or in the nature of a child support allowance or other maintenance. *See In re Parker*, 352 B.R. 447, 454 (Bankr. N.D. Ohio 2006) (holding that the refundable portion is nonexempt estate property but the non-refundable portion is simply a reduction against the amount of tax liability); *In re Koch*, 299 B.R. 523, 527 (Bankr. C.D. Ill. 2003) (stating that the "key factor is the refundability of the credit" and concluding that "[i]f a credit is not refundable, further inquiry need not be made"); *In re Dever,* 250 B.R. 701, 704, 706 (Bankr. D. Idaho 2000) (finding that the debtors were not entitled to an exemption in the amount of the non-refundable child tax credit since they had no claim to the amount of the credit other than

in using it to reduce tax liability).

The court is persuaded by the distinctions made in the above cases and finds dispositive of the issue presented in this case the determination as to whether the tax credit at issue is property of Debtors' bankruptcy estate. As a general proposition, exemptions are designed to permit debtors to retain properties that are deemed necessary for their support and the support of their dependents. *In re Stevenson*, 374 B.R. 891, 894 (Bankr. M.D. Fla. 2007). Absent an available exemption claimed by a debtor in a Chapter 7 case, all of the debtor's legal or equitable interests in property as of the commencement of the bankruptcy case become property of the estate that is subject to collection and liquidation by the trustee and to distribution in payment of claims in accordance with the Bankruptcy Code. 11 U.S.C. §§ 541, 704, 726. To the extent that the non-refundable child tax credit is not property of the estate and is, therefore, not subject to collection and liquidation by the Trustee, Debtors cannot claim it as an exemption from property of the estate. *See* 11 U.S.C. 522(b)(1) (providing that a "debtor may exempt *from property of the estate*" property as set forth in that statute); *In re Law*, 336 B.R. at 146 (stating that the issue of whether a debtor can claim an exemption in the child tax credit is moot unless the credit is first considered property of the bankruptcy estate).

In this case, Debtors can only use the non-refundable portion of the child tax credit to offset their income tax liability. They have no legal or equitable interest in any "payment" from the federal government in the amount of this portion of the credit. As one court explained, although the non-refundable credit may facilitate a refund where prior payments or withholdings are in an amount greater than the tax liability net of the credit, the credit itself is never recoverable as a refund by taxpayers. *See In re Dever*, 250 B.R. at 706. As such, the non-refundable portion of the credit is not property of the estate and cannot be subject to collection and distribution by the Trustee. Debtors have already obtained the benefit of the non-refundable portion of the child tax credit when they used the credit to reduce their total tax liability. They cannot also use the credit to insulate part of their tax refund, which is indisputably property of the estate, from collection by the Trustee for the benefit of their unsecured creditors. *See In re Dever*, 250 B.R. at 706.

Debtors' income tax refund in the amount of $5,375.00 consists only of the $4,196.00 withheld from their wages and the refundable additional child tax in the amount of $1,179.00. Debtors having no interest in a "payment" with respect to the non-refundable child tax credit and no claim with respect to the credit other than in using it to reduce tax liability, the court concludes that the non-refundable portion of the credit is not property of Debtors' bankruptcy estate that they may exempt under § 2329.66(A)(9)(g).

The court calculates Debtors' prepetition pro rata portion of their federal tax refund to be $4,329.45

($5,375 x .8054795). Subtracting from this amount the sum of the exemptions available to Debtors, including the valid exemption claimed by Debtors under § 2329.66(A)(9)(g) with respect to the refundable portion of the child tax credit in the amount of $1,179.00, the balance of the exemption available to Debtors under § 2329.66(A)(3) in the amount of $133.25[4] and the "wildcard" exemption under § 2329.66(A)(18) in the amount of $1,075.00, the court finds that $1,942.20 of Debtors' federal income tax refund is non-exempt property of the estate and must be turned over to the Trustee.

A separate order in accordance with this memorandum of decision will be entered by the court.

---

[4] Ohio Revised Code § 2329.66(A)(3) permits debtors to exempt their interest, not to exceed $400, in "cash on hand, money due and payable, money to become due within ninety days, tax refunds, and money on deposit with a bank. . . ." On their Schedule C, Debtors claimed exemptions in the amount of $30.75 as to their interests in accounts at Huntington Bank and $236.00 as to their interest in their Ohio income tax refund, leaving a balance of $133.25 that is available as an exemption with respect to their federal income tax refunds.

6